IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HUDSON EXCESS INSURANCE COMPANY<br>    Plaintiff,<br><br>VS.<br><br>FILIPP OILFIELD SERVICES, LLC,<br>AND JOSHUA GALATAS,<br><br>    Defendants. | § § § § § § § § § § § § | C.A. No. _____ |

## PLAINTIFF'S COMPLAINT

**TO THE HONORABLE COURT**:

**COMES NOW**, **HUDSON EXCESS INSURANCE COMPANY** (sometimes referred to as "Plaintiff" or "Hudson") and files its Complaint seeking a declaratory judgment by respectfully showing unto this Honorable Court as follows:

### I.
### Parties

1.      Plaintiff Hudson Excess Insurance Company ("Hudson") is an insurance company and corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New York.   Under 28. U.S.C. §1332(c)(1), Plaintiff Hudson Excess Insurance Company is not a citizen of Texas.

2.      Defendant Filipp Oilfield Services, LLC ("Filipp") is a limited liability company organized under the laws of the State of Texas with its principal place of business at 16430 Meadow Lane, Danbury, Brazoria County, Texas  77534.  It is a citizen of the State of Texas under 28 U.S.C. §1332(c)(1).  Filipp may be served through its Registered Agent, Alan J. Filipp, Jr. at 16430 Meadow Lane, Danbury, Texas  77534.

3. Defendant Joshua Galatas ("Galatas") is a resident of the State of Texas living in Brazoria County, Texas. Mr. Galatas may be served at his residence at 2311 Pearson Road, #13, Alvin, Brazoria County, Texas 77511 or at 112 3rd Street, Holiday Lakes, Brazoria County, Texas 77515 or anywhere else he may be found.

## II.
## Jurisdiction

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) on the basis of complete diversity of citizenship between the Plaintiff and Defendants at the time of the filing of this Original Complaint. Also, the amount in controversy, exclusive of court costs, exceeds $75,000.

## III.
## Venue

5. This Court has venue under 28 U.S.C. §1391 in that Filipp has its principal place of business in the Southern District of Texas, Galveston Division, and Defendant Galatas resides there.

## IV.
## Declaratory Judgment

6. This is a suit in which Plaintiff Hudson seeks a declaratory judgment pursuant to 28 U.S.C. §2201, *et seq.* More specifically, this action is brought for the purpose of determining a real, substantial, and justiciable controversy between the parties concerning the rights and responsibilities of the parties with respect to a certain contract of insurance.

V.
**Factual Background**

7.     Defendants Filipp and Galatas are parties in a lawsuit filed under Cause No. 2023-08751; *Joshua Galatas v. Marquee Corporation, Morgan Enterprises, Inc., Highline Exploration, L.L.C. and Filipp Oilfield Services, LLC*; In the 295th Judicial District Court of Harris County, Texas (the "Underlying Lawsuit"). Galatas is the Plaintiff in the Underlying Lawsuit, and Filipp is one of the Defendants sued by Galatas in that suit.  A copy of the Plaintiff's Original Petition, the pleading presently on file in the Underlying Lawsuit, is attached hereto as Exh. "1".[1] The Underlying Lawsuit arises out of a fire that took place at a job site in Harris County, Texas where Galatas alleges he was injured on January 23, 2023.  The Plaintiff's Original Petition was filed on February 9, 2023 and seeks damages of over $1,000,000.  See, Exh. "1".

8.     Galatas alleges that on February 9, 2023, he was working at a job site "owned, operated and/or managed by Defendants in Harris County."  Who retained his services to work at the job site is not alleged in the Petition.  While working at the job site, a "fire and/or explosion occurred" which he alleges injured him.  Filipp is one of the Defendants named in that Underlying Lawsuit.

9.     Filipp reported service of the Underlying Lawsuit to Hudson and requested a defense against its claims.  Based upon the vague allegations of the Petition, and the omitted facts that confirmed the lack of coverage under the Policy, Hudson proceeded to provide a defense to Filipp.  That defense was provided pursuant to a reservation of rights that information

---

[1] Plaintiff Hudson, in reciting in this Complaint the allegations of the Plaintiff's Petition filed in the Underlying Lawsuit and the effect when outlining/addressing the provisions of the insurance policy discussed herein, does not waive, admit, or concede to any issue or matter alleged in the Underlying Lawsuit. Any reference to the pleadings is not in any way intended to assert those alleged facts are true or false, only what is alleged in the Petition.

omitted in the Petition relevant only to coverage showed there was no coverage for the claim by Galatas against Filipp. See, Exh. "2". This extrinsic evidence, related only to coverage, and not plead in the Plaintiff's Petition, was Galatas had worked for Filipp for several years, and had been issued W-2s by Filipp since at least 2021. Filipp verified his employment with the company in 2023. Filipp requested Galatas to go to the work site that day to perform operations on Filipp's behalf for its customer. Verified discovery later issued by Galatas to parties in the Underlying Lawsuit confirm he was employed by Filipp. In verified Responses to Interrogatories, Galatas stated that he was employed by Filipp Oilfield Services, LLC from 2013 to 2023.

10. Hudson has not – and has never been – a party to the Underlying Lawsuit. However, but virtue of its issuance of a Commercial General Liability Policy, i.e., the Hudson Policy to Filipp, Hudson has an interest in the Underlying Lawsuit.

11. Hudson herein seeks a declaration as to its duties and obligations, if any, owed to Filipp and that there is no coverage under the Hudson Policy for Galatas' claims in the Underlying Lawsuit against Filipp. Because of this lack of coverage, there is no obligation to defend Filipp and those same facts would preclude any obligation to indemnify Filipp for any settlement or judgment in favor of Galatas.

12. Hudson issued a Commercial General Liability Policy to the named insured Filipp Oilfield Services, LLC as described below. Hudson asserts that Filipp is not entitled to coverage and a defense because there is no coverage for the claim when the omitted facts in the Underlying Lawsuit Petition are considered as allowed by the Texas Supreme Court decision of *Monroe. Monroe Guaranty Ins. Co. v. Bitco Gen. Ins. Co.*, 640 S.W.3d 195 (Tex. 2022). These extrinsic uncontested facts are not plead in the Petition, do not conflict with any allegations in

the Petition, and go solely to the issue of coverage and not liability. Further, Filipp is not entitled to indemnity because the same uncontested facts that preclude a duty to defend preclude any potential coverage for indemnity. Filipp and Galatas have no right to collect any judgment or settlement in favor of Galatas against Filipp from Hudson.

## VI.
## Hudson's CGL Policy

13. Hudson Excess Insurance Company ("Hudson") issued its Commercial General Liability Policy No. WSC22000467 to the named insured Filipp Oilfield Services, LLC ("Filipp") for the policy period May 1, 2022 to May 1, 2023 (the "Policy"). See, Exh. "3". The general insuring language of the CGL Form is provided in Section I.1. as follows:

> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section II - Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** - Definitions.
>
> **SECTION I - COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

> (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
>
> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.
>
> . . .

14. The general coverage is then subject to specified Exclusions and the following is applicable:

> **2. Exclusions**
> This insurance does not apply to:
>
> . . .
>
> **d. Workers' Compensation And Similar Laws**
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
> **e. Employer's Liability**

(Replaced by Endorsement)

> . . .

15. Those persons who are entitled to the status of "insured" are defined in Section II. It provides in pertinent part as follows:

> **SECTION II - WHO IS AN INSURED**
> 1. If you are designated in the Declarations as:
>
> . . .
>
> c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

6

. . .

16.     Certain terms within the Policy are defined and the following are applicable in this matter:

**SECTION V - DEFINITIONS**

. . .

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

. . .

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

. . .

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.
20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

. . .

17.     Various Endorsements are made part of the Policy and the following are applicable to this matter.

## EMPLOYMENT - RELATED PRACTICES EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability:

This insurance does not apply to:

"Bodily injury" to:

(1) A person arising out of any:
   (a) Refusal to employ that person;
   (b) Termination of that person's employment; or
   (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or
(2) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b), or (c) above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

B. The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage B - Personal And Advertising Injury Liability:

This insurance does not apply to:

"Personal and advertising injury" to:

(1) A person arising out of any:
   (a) Refusal to employ that person;
   (b) Termination of that person's employment; or
   (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or
(2) The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b), or (c) above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

. . .

## INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND WORKERS - EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Exclusion e. Employer's Liability of 2. Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability is replaced by the following:

This insurance does not apply to:

e. Injury to Employees, Contractors, Volunteers and Other Workers

"Bodily injury" to:

(1) "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or
(2) Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

>   arising out of and in the course of:
>   (a) Employment by any insured; or
>   (b) Directly or indirectly performing duties related to the conduct of any insured's business; or
>   (3) The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph (1) or (2) above.
>   This exclusion applies:
>   (1) Regardless of where the:
>   (a) Services are performed; or
>   (b) "Bodily injury" occurs; and
>   (2) Whether any insured may be liable as an employer or in any other capacity; and
>   (3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
> B. Exclusion a. Any Insured of 2. Exclusions of Section I - Coverage C - Medical Payments is replaced by the following:
>   We will not pay expenses for "bodily injury":
>   a. Any Insured
>      To any insured.

## VII.
## Controversy And Declarations Sought

18. Incorporating the foregoing allegations in Paragraphs 6 through 17 by reference, Hudson would show that an actual controversy exists regarding its obligations, if any, to Filipp in respect of the Underlying Lawsuit pursuant to 28 U.S.C. §2201, *et seq.*, Chapter 37 of the Texas Civil Practice and Remedies Code, and Rule 57 of the Federal Rules of Civil Procedure. This Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to the issues raised by this Complaint.

A. **Hudson Owes No Duty To Defend Filipp Under Its Policy**

19. Hudson seeks a declaration from this Court that it has no duty to defend, or obligation under the Policy to continue to provide or pay for the costs of a defense to Filipp in the Underlying Lawsuit, and incorporates the prior paragraphs 6 through 18. There can be no duty to defend where the Petition, or unpled conclusive facts related only to coverage, confirm there is no potential coverage for the claim.

9

20. The Petition in the Underlying Lawsuit only alleges that Galatas was "working at a job site owned, operated and/or managed by Defendants…." He does not allege who retained his services to work at the job site. The Texas Supreme Court has recognized that Texas law allows an insurer to utilize extrinsic evidence to prove facts that are not alleged in the Petition that are relevant only to coverage. The facts that preclude coverage in this case are not alleged and relate only to coverage such the Court is entitled to consider those extrinsic facts to determine whether any coverage may exist for this claim.

21. Galatas had worked for Filipp for several years, and had been issued W-2s since at least 2021 by Filipp. Filipp verified his employment with the company in 2023. Filipp requested Galatas to go to the work site that day to perform operations on Filipp's behalf for its customer. Verified discovery issued by Galatas to parties in the Underlying Lawsuit confirm he was employed, or, at minimum, retained by Filipp. In verified Responses to Interrogatories, Galatas stated that he was employed by Filipp Oilfield Services, LLC from 2013 to 2023.

22. The allegations of the Underlying Lawsuit, together with the unpled, conclusive extrinsic facts, are subject to the Policy's "INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND WORKERS – EXCLUSION" ("Employees, Contractors and Workers Exclusion") and the "EMPLOYMENT – RELATED PRACTICES EXCLUSION" ("Employment Exclusion"). The Employees, Contractors and Workers Exclusion removes from coverage any bodily injury to a person who is employed by the named insured or was retained, directly or indirectly, by the named insured performing duties related to the conduct of any insured's business. Those persons include an employee, leased worker, temporary worker, volunteer worker or statutory worker, and any contractors, subcontractors or independent contractors retained by Filipp, or their employees. See, Exh. "3", Employees, Contractors and

Workers Exclusion. Galatas was the employee of Filipp, or, at minimum, retained by Filipp to perform duties relating to its business at the work site. Pursuant to the Employees, Contractors and Workers Exclusion, it does not matter whether Galatas was a direct employee of Filipp, a contractor or subcontractor of Filipp or an employee of a contractor or subcontractor of Filipp if doing work related to Filipp's business.

23. In addition to the Employees, Contractors and Workers Exclusion, in the event the allegations are deemed vague enough to potentially incorporate any other form of bodily injury relating to his employment relationship to Filipp, those claims would be barred by the Employment Exclusion. See, Exh. "3". That Exclusion bars coverage for bodily injury arising out of various employment practices.

**B.    Plaintiff Hudson Owes No Duty To Indemnify Filipp For Any Settlement Or Judgment Related To The Underlying Lawsuit**

24. In addition to no duty to defend Filipp, Hudson seeks a declaration from this Court that it has no obligation under the Policy to indemnify Filipp or Galatas for any damages that may be awarded in the Underlying Lawsuit. The conclusive coverage facts leave no fact issue about coverage and only support no potential coverage under the Policy to pay or indemnify for the alleged damages. The extrinsic coverage facts omitted in the Underlying Lawsuit Petition allege a type of bodily injury claim expressly subject to the various Exclusions contained in the Policy. These Exclusions and their application are discussed in Paragraphs 6 through 23 and incorporated herein to avoid redundancy. The same reasons that preclude the duty to defend preclude the possibility that Hudson might have a duty to indemnify.

25. Hudson seeks a declaration from this Court that it has no duty or obligation under the Policy to indemnify Filipp for any damages awarded in favor of Galatas arising out of his alleged injuries and resulting damages.

26. In addition to the foregoing Policy provision, Hudson herein pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Hudson Policy, and Hudson reserves its right to amend its Original Complaint and Request for Declaratory Judgment as additional and/or more specific information becomes available. Hudson further reserves its rights to assert coverage defenses under the Policy that are not subject to the *Monroe* exception, not presently ripe for adjudication and not asserted in this suit in other proceedings.

## VIII.
## Request For Judgment

27. Pursuant to 28 U.S.C. §2201, *et seq.*, Plaintiff Hudson seeks a judicial declaration of its rights and duties as to Filipp and Galatas under its Policy in respect to the Underlying Lawsuit for the grounds pled in this Complaint. This decision by the Court making such a declaration will confer certainty on the parties with respect to their rights and obligations under the Policy and will therefore serve the interests of justice.

28. Hudson Excess Insurance Company seeks a declaration from this Court that it has no duty or obligation under the Policy to continue to provide a defense to Filipp, or to pay the future defense costs of Filipp. The allegations of the Underlying Lawsuit and the extrinsic non-plead conclusive coverage facts trigger one or more of the listed Exclusions of the Policy and relieve Hudson of any obligation to provide any coverage for the claim. In addition, because the same facts which preclude any duty to defend also preclude any duty to indemnify, Hudson seeks a declaration from the Court that it has no duty or obligation under the Policy to indemnify Filipp or Galatas for any settlement or for any adverse judgment arising out of the Underlying Lawsuit.

# X.
# PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Hudson Excess Insurance Company prays that Defendants Filipp Oilfield Services, LLC and Joshua Galatas be served with process and upon final trial and determination hereof, this Court render a declaratory judgment in favor of Plaintiff Hudson Excess Insurance Company as follows:

a. A declaration of Hudson's rights and duties as to Defendants under its Policy;

b. Entry of an order finding the events complained of in the Underlying Lawsuit are not covered under the Hudson Policy;

c. Award Plaintiff Hudson judgment that it has no further duty to defend Defendants Filipp Oilfield Services, LLC and no liability to the Defendants related to the Underlying Lawsuit; and

d. For such other and further relief, at law or in equity, to which Hudson may show itself justly entitled.

Respectfully submitted,

By      /s/ Ken E. Kendrick
**KEN E. KENDRICK**
State Bar No. 11278500
kkendrick@ksklawyers.com

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
**SUTTER & KENDRICK, P.C.**
5858 Westheimer Rd., Suite 688
Houston, Texas  77057
(713) 595-6000 – Telephone
(713) 595-6001 – Facsimile