IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| HUDSON EXCESS INSURANCE COMPANY § <br>     Plaintiff, § <br> § <br> VS. § <br> § <br> FILIPP OILFIELD SERVICES, LLC, § <br> AND JOSHUA GALATAS, § <br> § <br>     Defendants. § | C.A. No. 3:23-cv-00379 |

# PLAINTIFF HUDSON EXCESS INSURANCE COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT FILIPP OILFIELD SERVICES, LLC

Respectfully submitted,

**SUTTER & KENDRICK, P.C.**

By    /s/ Ken E. Kendrick
    **KEN E. KENDRICK**
    State Bar No. 11278500
    kkendrick@ksklawyers.com
    5858 Westheimer Rd., Suite 688
    Houston, Texas 77057
    (713) 595-6000 – Telephone
    (713) 595-6001 – Facsimile

**ATTORNEYS FOR PLAINTIFF
HUDSON EXCESS INSURANCE
COMPANY**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................................................. ii

TABLE OF AUTHORITIES ......................................................................................................... iii

INTRODUCTION ...........................................................................................................................1

NATURE AND STAGE OF THE PROCEEDING ........................................................................2

ISSUE IN DISPUTE .......................................................................................................................3

    Issue One:  Whether Entry Of Default Judgment Against Filipp Oilfield Services, LLC In Favor Of Hudson Excess Insurance Company Is Warranted Pursuant To Rule 55 .......................................................................3

    Issue Two:  Whether Hudson Excess Insurance Company Is Entitled To The Entry Of A Default Judgment Granting The Relief Sought In Its Original Complaint Confirming The Injury To The Employees, Contractors, Volunteers, and Workers - Exclusion Precludes Coverage For The Claims Of Joshua Galatas, And Hudson Excess Insurance Company Has No Duty To Defend Filipp Oilfield Services, LLC, Indemnify Filipp Oilfield Services, LLC, Or Pay Any Settlement Or Judgment In Favor Of Galatas ..........................................................................3

SUMMARY OF THE ARGUMENT .............................................................................................3

ARGUMENT AND AUTHORITIES .............................................................................................4

    A. Default Judgment Facts ..........................................................................................4

    B. Standards of Review ...............................................................................................5

        1. Standard For Considering A Default Under Rule 55 ..................................5

    C. The Original Complaint Provides Fair Notice of Plaintiff's Claim ........................6

    D. All Relevant Factors Weigh In Favor Of Default Judgment ..................................6

    E. Entry Of Default Is Warranted ................................................................................7

PRAYER FOR RELIEF/CONCLUSION ......................................................................................8

CERTIFICATE OF CONFERENCE .............................................................................................8

CERTIFICATE OF SERVICE .......................................................................................................9

# **TABLE OF AUTHORITES**

**Cases**

*Geiken v. Worku*, No. 15-2442, 2017 WL 1709692 (N.D. Tex. May 2, 2017) .............................. 6

*Nautilus Ins. Co. v. A Best Am. Roofing,* LLC, No. 18-320, 2019 WL 1473140
 (W.D. Tex. Apr. 3, 2019)................................................................................................. 5, 6

*Whirlpool Corp. v. Glob. Purification, LLC*, No. 16-463, 2017 WL 2099771
 (E.D. May 15, 2017) ........................................................................................................... 6

*Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498-99 (5th Cir. 2015)................................ 5

**Rules**

Rule 8(a), Fed. R. Civ. P.................................................................................................................. 5

Rule 12, Fed. R. Civ. P. .................................................................................................................. 5

Rule 55, Fed. R. Civ. P. ................................................................................................ 1, 2, 3, 4, 5, 7

Rule 55(a), Fed. R. Civ. P............................................................................................................... 5

Rule 55(b)(2)(C), Fed. R. Civ. P..................................................................................................... 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **HUDSON EXCESS INSURANCE COMPANY** §<br>    Plaintiff, § § § | | |
| VS. § | C.A. No. 3:23-cv-00379 | |
| § § | | |
| **FILIPP OILFIELD SERVICES, LLC,** §<br>**AND JOSHUA GALATAS,** § § § | | |
| Defendants. § § | | |

**PLAINTIFF HUDSON EXCESS INSURANCE COMPANY'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT FILIPP OILFIELD SERVICES, LLC**

**TO THE UNITED STATES DISTRICT COURT**:

**COMES NOW**, Plaintiff **HUDSON EXCESS INSURANCE COMPANY** ("Hudson") and files this, its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 55 and supporting Brief and respectfully shows as follows:

**I.
INTRODUCTION**

1.    Plaintiff, Hudson Excess Insurance Company ("Hudson"), hereby moves, pursuant to Fed. R. Civ. P. 55, that the Court enter a final Order that would resolve Hudson's claims concerning one of the Defendants in this action, Filipp Oilfield Services, LLC ("Filipp"). Filipp has failed to answer since its Answer date on December 28, 2023. An Application for Entry of Default was filed on February 28, 2024 against Filipp. (Dkt. #13) The Clerk's Entry of Default as to Defendant Filipp Oilfield Services, LLC was entered on April 3, 2024. (Dkt. #22) A Default Judgment is warranted because (i) the allegations of the Original Complaint are more

1

than sufficient to provide the requisite "fair notice" for purposes of Rule 55, Fed. R. Civ. P. and (ii) all relevant factors weigh in favor of entering the Default Judgment.

2. Hudson respectfully requests that the Court enter its proposed Order finding it has no duty to defend Filipp in the underlying personal injury lawsuit filed by Joshua Galatas, and that Hudson has no duty to indemnify Filipp for Galatas' claim, or pay for any judgment or settlement in favor of Mr. Galatas. Because no monetary judgment is sought by Hudson, the Court can enter judgment without any evidentiary hearing.

## II.
## NATURE AND STAGE OF THE PROCEEDING

3. Hudson filed its Complaint against Filipp Oilfield Services, LLC ("Filipp") and Joshua Galatas ("Galatas") on November 17, 2023 asserting Hudson has no duty to defend or indemnify Filipp in a personal injury lawsuit filed by Galatas. (Dkt. #1) Galatas filed the suit styled Cause No. 2023-08751; *Joshua Galatas v. Marquee Corporation, Morgan Enterprises, Inc., Highline Exploration, L.L.C. and Filipp Oilfield Services, LLC*; In the 295th Judicial District Court of Harris County, Texas against Defendants including Filipp (the "Underlying Suit"). This Court has personal jurisdiction over Galatas as a Texas resident, and over Filipp as a Texas limited liability company with its principal place of business in Texas. See *Id.* The Court has subject matter jurisdiction over the civil action under diversity and the amount in controversy exceeds $75,000. See, *Id.* Filipp has failed to appear despite being served. Filipp was served on December 7, 2023 with the Original Complaint. (See, Dkt. #8) On February 28, 2024, Hudson filed an Application seeking entry of Default on the basis that Filipp had failed to plead or otherwise defend this action. (Dkt. #13) The Application was granted on April 3, 2024. (Dkt. #22) At no time before this Motion for Entry of Default Judgment has Filipp appeared, or any attorney appeared on behalf of Filipp.

4.    Through its Motion, Hudson seeks a declaratory ruling that it owes no duty to defend Filipp against the claims of Galatas in the Underlying Suit. Because the same facts that preclude a duty to defend preclude any potential coverage for the claim, Hudson has no obligation to indemnify Galatas for any settlement or judgment in favor of Galatas, or pay Galatas for any settlement or judgment he may obtain.

## III.
## ISSUES IN DISPUTE

**Issue One:** Whether Entry Of Default Judgment Against Filipp In Favor Of Hudson Excess Insurance Company Is Warranted Pursuant To Rule 55.

**Issue Two:** Whether Hudson Excess Insurance Company Is Entitled To The Entry Of A Default Judgment Granting The Relief Sought In Its Original Complaint Confirming The Injury To The Employees, Contractors, Volunteers, and Workers - Exclusion Precludes Coverage For The Claims Of Joshua Galatas, And Hudson Excess Insurance Company Has No Duty To Defend Filipp Oilfield Services, LLC, Indemnify Filipp Oilfield Services, LLC, Or Pay Any Settlement Or Judgment In Favor Of Galatas.

## IV.
## SUMMARY OF THE ARGUMENT

5.    Plaintiff served Filipp with personal service of the Plaintiff's Original Complaint on December 7, 2023. (Dkt. #8) Filipp failed to appear following that service. In addition to service of process pursuant to law, Hudson's counsel sent a letter dated February 1, 2024 delivered to Filipp's place of business and its registered agent's address in Danbury, Texas, requesting that it file an Answer or otherwise contact Plaintiff's counsel no later than February 12, 2024. Despite actual service of the Complaint, and efforts to obtain the appearance following service, Filipp has not taken any action or appeared in this case. No communication has been received from Filipp prior to the date of the filing of this Motion.

6.    Default Judgment should be entered against Filipp because (i) the allegations of the Original Complaint are more than sufficient to provide the requisite "fair notice" for purposes

of Rule 55 and (ii) all relevant factors weigh in favor of entering a Default Judgment. The Court should enter the proposed Order submitted with this Motion which provides for a declaratory ruling that Filipp is not entitled to a defense from Hudson for the claims of Galatas, and Hudson is not required to indemnify Filipp for any settlement or judgment entered in favor of Galatas against Filipp.

V.
ARGUMENT AND AUTHORITIES

A.    **Default Judgment Facts**

7.    Plaintiff served Filipp with a copy of Plaintiff's Original Complaint on December 7, 2023. (Dkt. #8) The Application for Default as to Filipp was granted on April 3, 2024. (Dkt. #22) The Application contained the Declaration of Ken E. Kendrick attached as Exh. 1 reflecting the steps taken to serve Filipp. (Dkt. #13) Although not required, Plaintiff further delivered a letter to the business and registered agent address advising Filipp of its failure to appear despite service, and that this Default would be taken if no Answer were filed by February 12, 2024. See, Id., Exh. "2." The well pleaded Complaint facts are deemed as true due to the default and adopted for this motion. (Dkt. #1) Galatas was retained to perform work at the request of Filipp at the well site where the alleged injury occurred. Galatas answered discovery under oath stating that he was an employee of Filipp at the time of the accident, and paid by the hour by Filipp. Filipp has produced W-2 statements confirming that Galatas was reported as their employee for tax purposes. Further, under The Employees, Contractors, Volunteers and Workers - Exclusion, it does not matter whether Galatas was an employee, independent contractor or other worker for Filipp. There is no coverage under the Policy for his claims arising out of this accident for any of those categories. Accordingly, even if he were an independent contractor or

4

other non-employee worker or volunteer of Filipp, his claims would still be excluded and the named insured would not have coverage for this claim under the Policy.

  **B.**  **Standards of Review**

    **1.**  **<u>Standard For Considering A Default Under Rule 55</u>**

  8.  It is mandatory for the clerk to enter Default against a party "against whom a judgment for affirmative relief is sought" and who has failed to "plead or otherwise, defend" where "that failure is shown by Affidavit or otherwise…." <u>See</u>, TRCP Rule 55(a). Hudson Excess Insurance Company does not seek monetary relief in its Original Complaint, and applies to the Court for Default Judgment under the facts in its well-pleaded Original Complaint "to establish the truth of its allegations." <u>See</u>, Rule 55(b)(2)(C).

  9.  Entry of default judgment requires that the Complaint allege sufficient facts to provide the defaulting defendant with "fair notice"[1] of claims against it. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 497-500 (5th Cir. 2015). Beyond this, in determining whether to enter a default judgment, the district court considers factors such as whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether default was caused by good faith mistake or excusable neglect, the harshness of default judgment, and whether the Court would feel obligated to set aside default on defendant's motion. *Nautilus Ins. Co. v. A Best Am. Roofing,* LLC, No. 18-320, 2019 WL 1473140 at *2 (W.D. Tex. Apr. 3, 2019).

---

[1] The "fair notice" requirement is informed by Federal Rule 8(a), which mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015). "Fair notice" is a lesser pleading standard than that required to survive a Rule 12 motion to dismiss. *Id.* at 498, n. 3. ("[W]e decline to import Rule 12 standards into the default judgment context.")

C.     **The Original Complaint Provides Fair Notice of Plaintiff's Claim**

10.    The Original Complaint in this action alleges sufficient facts to provide Defendant Filipp with "fair notice" of the claim that Filipp is not entitled to coverage for the personal injury claims of Galatas asserted in the Underlying Suit under the Hudson CGL Policy. (Dkt. #1, ¶¶ 7 to 17) Specifically, the Original Complaint shows that the CGL Policy excludes coverage for any employee, contractor, volunteer and/or worker of Filipp who asserts a bodily injury claim. The relationship under law between Galatas and Filipp based on their own discovery responses in the Underlying Suit falls within this exclusion as Galatas was an employee, contractor, volunteer, and/or worker of Filipp at the time of his accident, and he asserts bodily injury claims against Filipp.

11.    In addition to fair notice of the claim, the Original Complaint provides Filipp with fair notice of the relief sought through this action. A declaration of no duty to defend Filipp in the Underlying Suit for Galatas' claims, no duty to pay any settlement or judgment in favor of Galatas against Filipp, and no duty to pay any settlement or judgment that Galatas obtains is sought. (Dkt. #1 at ¶¶ 18 to 28) Accordingly, the well-pleaded allegations of the Original Complaint are more than sufficient to provide the requisite "fair notice" for entry of default judgment.

D.     **All Relevant Factors Weigh In Favor Of Default Judgment**

12.    Each relevant factor weighs in favor of entering default judgment against Defendant Filipp. First, there are no issues of material fact because the well-pleaded allegations of the Original Complaint are taken as true.[2] Second, the grounds for default are clearly

---

[2] *Nautilus Ins. Co. v. A Best Am. Roofing, LLC*, No. 18-320, 2019 WL 1473140 at *2 (W.D. Tex. Apr. 3, 2019); *Whirlpool Corp. v. Glob. Purification, LLC*, No. 16-463, 2017 WL 2099771 at *1 - *2 (E.D. Tex. May 15, 2017); *Geiken v. Worku*, No. 15-2442, 2017 WL 1709692 at *2 (N.D. Tex. May 2, 2017).

established: default was sought and entered because Filipp was lawfully served, and failed to timely enter an appearance. (Dkt. #8 and Dkt. #22) Third, nothing in the record since entry of default suggests that the default was caused by good faith mistake or excusable neglect in light of personal service, and a warning letter. Fourth, it is Defendant's Filipp's own responses in discovery in the Underlying Suit that confirm the coverage facts that bar coverage for Galatas' claims. Fifth, as a consequence of Defendant Filipp's continued failure to appear, Defendant Filipp has not participated in the litigation prejudicing Hudson. Sixth, entry of default judgment would not be unduly harsh because Defendant Filipp lacks any defense to the sought declaration. Lastly, there is no reason to believe the Court would feel obligated to set aside the default judgment on defendant's motion in light of the Plaintiff's effort to obtain the appearance of Defendant Filipp.

### E.     Entry Of Default Is Warranted

13.    Because (i) the allegations of the Original Complaint provide the requisite "fair notice" and (ii) all relevant factors weigh in favor of entering default judgment, Hudson is entitled to judgment against Defendant Filipp pursuant to Rule 55.

### VI. PRAYER FOR RELIEF/CONCLUSION

14.    For these reasons, Plaintiff Hudson Excess Insurance Company respectfully asks the Clerk enter default, and the Court to issue a Default Judgment against Filipp Oilfield Services, LLC as allowed under Fed. R. Civ. P. 55, and issue a declaration that Hudson Excess Insurance Company owes no duty to defend Fillip Oilfield Services, LLC for any of the claims alleged against it in the Underlying Suit by Galatas and that there is no duty to indemnify Filipp Oilfield Services, LLC for any settlement or judgment in favor of Galatas.

Respectfully submitted,

By  /s/ Ken E. Kendrick
    **KEN E. KENDRICK**
    State Bar No. 11278500
    kkendrick@ksklawyers.com

**ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
**SUTTER & KENDRICK, P.C.**
5858 Westheimer Rd., Suite 688
Houston, Texas 77057
(713) 595-6000 – Telephone
(713) 595-6001 – Facsimile

**CERTIFICATE OF CONFERENCE**

    Counsel for Plaintiff served Filipp Oilfield Services, LLC with a copy of Plaintiff's Original Complaint on December 7, 2023. Although not required, Plaintiff further delivered a letter to the last known business and registered agent address of Filipp Oilfield Services, LLC advising it of its failure to appear despite service, and that this Default would be taken if no Answer were filed by February 12, 2024 or contact made by counsel for Filipp Oilfield Services, LLC. No response or phone call was ever received from or on behalf of Filipp Oilfield Services, LLC.

    /s/ Ken E. Kendrick
    **KEN E. KENDRICK**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of June, 2024, a true and correct copy of the foregoing was served by ECF notice to all registered ECF users who have appeared for any party in this action, in accordance with FRCP 4, including:

Blair Dancy
Cain & Skarnulis PLLC
303 Colorado St., Suite 2850
Austin, Texas  78701
Email: bdancy@cstrial.com

Filipp Oilfield Services, LLC
16430 Meadow Lane
Danbury, Texas  77534
**Attn:  Mr. Alan Filipp**
**Via CMRRR 9589 0710 5270 0336 5730 60,**
**U.S. Mail and Email: alanfilipp@yahoo.com**

                                       /s/ Ken E. Kendrick
                                       **KEN E. KENDRICK**