**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **HUDSON EXCESS INSURANCE** | § | |
| **COMPANY** | § | |
| Plaintiff, | § | |
| | § | |
| **VS.** | § | **C.A. No. 3:23-cv-00379** |
| | § | |
| **FILIPP OILFIELD SERVICES,** | § | |
| **LLC,** | § | |
| **AND JOSHUA GALATAS,** | § | |
| | § | |
| **Defendants.** | § | |

**<u>PLAINTIFF HUDSON EXCESS INSURANCE COMPANY'S RULE 56</u>**
**<u>MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF</u>**

Respectfully submitted,

**SUTTER & KENDRICK, P.C.**

By_____/s/ Ken E. Kendrick_____
    **KEN E. KENDRICK**
    State Bar No. 11278500
    kkendrick@ksklawyers.com
    5858 Westheimer Rd., Suite 688
    Houston, Texas 77057
    (713) 595-6000 – Telephone
    (713) 595-6001 – Facsimile

**ATTORNEYS FOR PLAINTIFF**
**HUDSON EXCESS INSURANCE**
**COMPANY**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ......................................................................................... ii

TABLE OF AUTHORITIES  ............................................................................... iv

NATURE AND STAGE OF THE PROCEEDING............................................. 1

ISSUES IN DISPUTE.......................................................................................... 2

> Issue One:  The Factual Allegations In The Underlying Suit, Together With
> The Stipulated Unpled Coverage Facts, Confirm Joshua Galatas' Claims
> Are Within The Injury To Employees, Contractors, Volunteers And
> Workers Exclusion Such That Hudson Excess Insurance Company Has No
> Duty To Defend Filipp Oilfield Services, LLC  ........................................ 2

> Issue Two:  The Factual Allegations In The Underlying Suit, Together With
> The Stipulated Unpled Coverage Facts, Confirm Joshua Galatas' Claims
> Are Within The Injury To Employees, Contractors, Volunteers And
> Workers Exclusion Such That Coverage Cannot Exist For His Claim, And
> For The Same Reason Hudson Has No Duty To Defend, Hudson Has No
> Duty To Indemnify Filipp Oilfield Services, LLC For His Claim ......................... 2

SUMMARY OF THE ARGUMENT.................................................................. 2

ARGUMENT AND AUTHORITIES  ............................................................... 3

> A.  Summary Judgment Facts  ................................................................. 3

> B.  Policy ................................................................................................. 4

> C.  Standards of Review........................................................................... 7

>> 1. Diversity/Texas Rules of Construction ........................................ 7

>> 2. Standard For Considering A Motion For Summary Judgment Under
>> Rule 56 ...................................................................................... 8

>> 3. Standard For Determining An Insurer's Duty To Defend .......................... 10

>> 4. The Standard For Determining An Insurer's Duty To Indemnify............... 13

D. This Court Should Grant Hudson's Request For Declaratory Judgment, And Find No Coverage For Galatas' Claims Against Filipp ........................... 14

E. The Employee/Contractor Exclusion Applies To Galatas' Claims Against Filipp .................................................................................................. 15

CONCLUSION ............................................................................................................ 20

CERTIFICATE OF SERVICE.................................................................................... 21

## TABLE OF AUTHORITES

### Cases

*Access Mediquip LLC v. UnitedHealthcare Ins. Co.*, 662 F.3d 376
(5th Cir. 2011) .................................................................................................. 9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ............................... 9

*Atlantic Cas. Ins. Co. v. Gonzales*, 402 Fed. Appx. 953 (5th Cir. 2010) ......... 13, 14, 17, 18

*Balfour Beatty Constr. v. Liberty Mut. Fire Ins. Co.*, 968 F.3d 504
(5th Cir. 2020) .................................................................................................. 8

*Bituminous Cas. Corp. v. Maxey*, 110 S.W.3d 203 (Tex.App. – Houston
[1st Dist.] 2003) .............................................................................................. 15

*Canal Ins. Co. v. Greenland Trucking, LLC*, 2021 WL 462051 (N.D. Tex.
Feb. 9, 2021) .......................................................................................... 11, 12, 14

*Crum & Forster Specialty Ins. Co. v. Smallwood*, 2024 WL 3049850 (N.D.
Tex. June 18, 2024) ........................................................................................ 14

*Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997) ................. 13

*Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388 (5th Cir. 2006) ............................. 9

*Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415 (1996) ............................. 7

*Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455 (Tex. 1997) ........................... 7, 8

*Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224 (5th Cir. 2016) .................... 9

*Martinez v. Walgreen Co.*, 935 F.3d 396 (5th Cir. 2019) .................................... 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ......................... 9

*Mid-Continent Cas. Co. v. Andregg Contracting, Inc.*, 391 S.W.3d 573 (Tex.App. –
Dallas 2012) .................................................................................................... 16

*Monroe Guaranty Ins. Co. v. Bitco General Ins. Corp.*, 640 S.W.3d 195
(Tex. 2022) ................................................................................................ 10, 11, 12

*Nat'l Car Rental Sys., Inc. v. Better Monkey Grip Co.*, 511 F.2d 724
(5th Cir. 1975) ........................................................................................................ 7

*National Union Fire Ins. Co. v. Merchants Fast Motor Lines*, 939 S.W.2d 139
(Tex. 1997) ........................................................................................................... 10

*Nautilus Ins. Co. v. Bayes*, 2024 WL 3083422 (4th Cir. June 21, 2024) ................... 18, 19

*Nautilus Ins. Co. v. Bayes*, No. 1:22-cv-64 (M.D. N.C. March 15, 2023) ................. 18, 19

*Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004) .......... 12

*RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851 (5th Cir. 2010) ................................................ 10

*Scott v. Harris*, 550 U.S. 372 (2007) ................................................................................. 9

*Scottsdale Indemn. Co. v. Rural Trash Service, Inc.*, 142 F.Supp.3d 530
(S.D. Tex. 2015) ................................................................................................. 10,11

*Sentry Ins. Co. v. R.J. Weber Co., Inc.*, 2 F.3d 554 (5th Cir. 1993).................................... 8

*Siplast, Inc. v. Employers Mut. Cas. Co.*, 23 F.4th 486 (5th Cir. 2022) ........................... 10

*Star-Tex Resources, LLC v. Granite State Ins. Co.*, 553 Fed. Appx. 366
(5th Cir. 2014) ..................................................................................................... 11

*State Farm Lloyds v. Richards*, 966 F.3d 389 (5th Cir. 2020) ......................................... 10

*Telepak v. United Services Auto. Assoc.*, 887 S.W.2d 506 (Tex. App. –
San Antonio 1994, writ denied)............................................................................. 8

*Travelers v. Citgo*, 166 F.3d 716 (5th Cir. 1999).............................................................. 15

*Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819 (Tex. 1997) ................................... 8

*Upshaw v. Trinity Companies*, 842 S.W.2d 631 (Tex. 1992) ............................................ 8

*Westchester Fire v. American General*, 790 S.W.2d 816 (Tex.App. – Austin 1990, no pet.) ..................................................................................... 15

## Statutes

28 U.S.C. § 1332 ........................................................................................... 7

28 U.S.C. §1391(a)(1) ................................................................................... 7

28 U.S.C. § 2201 ........................................................................................... 7

## Rules

Fed. R. Civ. P. 56 .................................................................................... 1, 8, 9

Fed. R. Civ. P. 56(a) ...................................................................................... 8

Fed. R. Civ. P. 57 ........................................................................................... 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **HUDSON EXCESS INSURANCE** | § | |
| **COMPANY** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **C.A. No. 3:23-cv-00379** |
| | § | |
| **FILIPP OILFIELD SERVICES,** | § | |
| **LLC,** | § | |
| **AND JOSHUA GALATAS,** | § | |
| | § | |
|     **Defendants.** | § | |

## PLAINTIFF HUDSON EXCESS INSURANCE COMPANY'S RULE 56 MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF

**TO THE UNITED STATES DISTRICT COURT**:

    **COMES NOW**, Plaintiff **HUDSON EXCESS INSURANCE COMPANY** ("Hudson") and files this, its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and supporting Brief and respectfully shows as follows:

## I.
## NATURE AND STAGE OF THE PROCEEDING

    1.    Hudson filed its Complaint against Defendants Filipp Oilfield Services, LLC ("Filipp") and Joshua Galatas ("Galatas") asserting Hudson has no duty to defend or indemnify Filipp in a state court lawsuit filed by Galatas. (Dkt. #1-1)  Galatas filed his Original Answer.  (Dkt. #15)  Filipp has failed to appear despite being served on December 7, 2023.  (Dkt. #8)  An Application for Entry of Default Judgment was filed on February 28, 2024 (Dkt. #13), and later granted on April 3, 2024 (Dkt. #22), and Motion for Default Judgment (Dkt. #24) is pending.

1

2.       Galatas alleges that he was working at a job site when an accident caused injuries to him.  Filipp is one of the Defendants, but the Petition is silent as to their relationship.  The deposition of Galatas was taken in the Underlying Lawsuit, and sworn written discovery exchanged.  The stipulated facts from that discovery are filed as Exh. "3" to this Motion.  All necessary facts for adjudicating by summary judgment are present.

## II.
## ISSUES IN DISPUTE

**Issue One:**   The Factual Allegations In The Underlying Suit, Together With The Stipulated Unpled Coverage Facts, Confirm Joshua Galatas' Claims Are Within The Injury To Employees, Contractors, Volunteers And Workers Exclusion Such That Hudson Excess Insurance Company ("Hudson") Has No Duty To Defend Filipp Oilfield Services, LLC.

**Issue Two:**   The Factual Allegations In The Underlying Suit, Together With The Stipulated Unpled Coverage Facts, Confirm Joshua Galatas' Claims Are Within The Injury To Employees, Contractors, Volunteers And Workers Exclusion Such That Coverage Cannot Exist For His Claim, And For The Same Reason Hudson Has No Duty To Defend, Hudson Has No Duty To Indemnify Filipp Oilfield Services, LLC For His Claim.

## III.
## SUMMARY OF THE ARGUMENT

3.       Galatas asserts he was injured by an accident at a job site.  The stipulated facts confirm Mr. Galatas was working as an employee, or at minimum, an independent contractor of, Filipp at the time of his accident.  <u>See</u>, Exh. "3", para. 1.  The employment/retention facts for Mr. Galatas at a job site where his accident occurred are relevant only to the coverage issues and not the alleged negligence and the liability of the parties who he asserts caused his accident.

4.     Hudson has no duty to defend Filipp against the claim asserted against Filipp in the Underlying Lawsuit, and the same stipulated omitted coverage facts that confirm no duty to defend establish no duty to indemnify Filipp. Hudson is entitled to a ruling that it has no duty to defend Filipp, or to indemnify Filipp for any settlement, or judgment entered in favor of Galatas.

## IV.
## ARGUMENT AND AUTHORITIES

### A.    Summary Judgment Facts

5.     Galatas sued Filipp and other Defendants in a lawsuit filed under Cause No. 2023-08751; *Joshua Galatas v. Marquee Corporation, Morgan Enterprises, Inc., Highline Exploration, L.L.C., and Filipp Oilfield Services, LLC*; In the 295th Judicial District Court of Harris County, (the "Underlying Lawsuit").[1] See, Ex. 1, the Petition in the Underlying Lawsuit. Galatas alleged that on January 23, 2023, he was working at a job site when injured in an accident. *Id.* He does not plead his relationship to Filipp. *Id.* Per the Stipulated Facts, Galatas was the employee, or, at minimum, the independent contractor or worker, of Filipp at the job site on January 23, 2023. See, Ex. 3, para. 1.

6.     Hudson provided a defense to Filipp under a reservation of rights letter sent on February 28, 2023. See, Ex. 2.

---

[1] Plaintiff Hudson, in reciting the allegations of the Plaintiff's Petition, and outlining/addressing the provisions of the insurance policy, does not waive, admit, or concede to any issue or matter alleged in the Underlying Lawsuit. Any reference to the pleadings is not in any way intended to assert those alleged facts are true or false, only what is alleged in the Petition.

3

7.    Galatas was first hired by Filipp in 2013, and began as an independent contractor working as a pumper gauger as directed by Filipp. See, Ex. 3, para. 3 & 4. He worked solely for Filipp since 2020 and was working for Filipp on the day of his accident. *Id.*, para. 5 & 17. Filipp issued W-2 wage and tax statements to Galatas from 2020 through 2022. *Id.*, para. 7. Galatas had no employer other than Filipp from 2021 through the date of the accident on January 23, 2023. *Id.*, para. 10. Filipp issued a Verification of Employment on behalf of Galatas on January 10, 2023 confirming that he was its employee since 2020. *Id.*, para. 11, 12 & 13. Galatas was paid $25.50 per hour for the work he performed for Filipp during the month of January 2023. *Id.*, para. 14. Galatas was sent to do work at the work site by Filipp on the day of the accident, January 23, 2023 and he submitted a morning report to Filipp. *Id.*, para. 18, 19 & 24. Following the morning report, he spoke with the sole manager of Filipp, Alan Filipp, Jr., about the work he was to do for Filipp at the work site. *Id.*, para. 20. The men exchanged text messages about the work he was performing up until his accident on January 23, 2023. *Id.*, para. 21. Filipp paid for all his work time. *Id.*, para. 14 & 17. All of his instructions for the work that day came from Alan Filipp, Jr. *Id.*, para. 22. Galatas only worked for Filipp, as either an independent contractor or as an employee, during 2013 to 2023, and including the date of the accident. *Id.*, para. 26.

    **B.    Policy**

8.    Hudson Excess Insurance Company ("Hudson") issued its Commercial General Liability Policy No. WSC22000467 to the named insured Filipp Oilfield Services, LLC for the policy period May 1, 2022 to May 1, 2023 (the "Policy"). Ex. 4

(Verified copy of the Policy). Coverage begins with "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'…to which this insurance applies." Ex. "4", I.1.a. Hudson assumed the "right and duty to defend the insured against a 'suit' seeking those damages", but has "no duty to defend the insured against any suit seeking damages… to which this insurance does not apply". *Id.*

9.      Various terms in the Policy are defined.

> **SECTION VI – DEFINITIONS**
>
> . . .
>
> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> . . .
>
> 5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".
>
> . . .
>
> 10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement leasing between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".
>
> . . .
>
> 19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.
> 20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.
>
> . . .

Ex. "4", Section V.

10.      The Policy is modified by Endorsements, and the following exclusion deletes any coverage for Filipp for the claims of Galatas.

POLICY NUMBER: WSC22000467                          **COMMERCIAL GENERAL LIABILITY**

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND WORKERS - EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Exclusion **e. Employer's Liability** of **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability is replaced** by the following:

This insurance does not apply to:

   e.  **Injury to Employees, Contractors, Volunteers and Other Workers**

   "Bodily injury" to:

   (1) "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

   (2) Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

   arising out of and in the course of:

   (a) Employment by any insured; or

   (b) Directly or indirectly performing duties related to the conduct of any insured's business; or

   (3) The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph **(1)** or **(2)** above.

   This exclusion applies:

   (1) Regardless of where the:

   (a) Services are performed; or

   (b) "Bodily injury" occurs; and

   (2) Whether any insured may be liable as an employer or in any other capacity; and

   (3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

B. Exclusion **a. Any Insured** of **2. Exclusions** of **Section I - Coverage C - Medical Payments is replaced** by the following:

We will not pay expenses for "bodily injury":

   a.  **Any Insured**

   To any insured.

All other terms and conditions of this policy remain unchanged.

6

C.    **Standards Of Review**

1.    **Diversity/Texas Rules of Construction**

11.    The Court has jurisdiction over the parties and over the subject matter in this case pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and § 2201 (declaratory judgments), *et seq.*; Fed. R. Civ. P. 57.

12.    Venue is proper in this case because Defendant Filipp's principal place of business and the residence of Galatas are located within this district.    28 U.S.C. §1391(a)(1).  In addition, the insurance policy was delivered there.

13.    Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law unless governed by "acts of Congress" and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 116 S.Ct. 2211, 2219 (1996). Texas law provides the "substantive law governing construction of contracts," *Nat'l Car Rental Sys., Inc. v. Better Monkey Grip Co.*, 511 F.2d 724, 729 (5th Cir. 1975).  Absent a final decision by the Texas Supreme Court that "'precisely' resolves the legal issue, federal courts "must make an *Erie* guess and determine as best [they] can what the Supreme Court of Texas would decide." *Martinez v. Walgreen Co.*, 935 F.3d 396, 398 (5th Cir. 2019) (citation omitted). The federal courts consider "the general rule on the issue, decisions from other jurisdictions, and general policy concerns." *Id.*

14.    Insurance policies are governed by rules of construction which are applicable to contracts generally. *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997).  If the court finds that policy terms are reasonably susceptible to

only one meaning, the policy terms will be enforced as written. *Upshaw v. Trinity Companies*, 842 S.W.2d 631, 633 (Tex. 1992). When terms are defined in an insurance policy, those definitions control. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex. 1997). If the court finds that policy terms are reasonably susceptible to more than one meaning, the policy is ambiguous. *McKee*, 943 S.W.2d at 458. If an ambiguity must be resolved, Texas courts must adopt the interpretation of the contract that most favors coverage for the insured. *Id.*

15.    If the insured meets its burden that the loss is covered by the general insuring provisions, the insurer has the burden of proving a policy exclusion applies. *Sentry Ins. Co. v. R.J. Weber Co., Inc.*, 2 F.3d 554, 556 (5th Cir. 1993). Once an insurer has met its burden for an exclusion, the burden then shifts back to the insured to establish an "exception" for the exclusion. *See Telepak v. United Services Auto. Assoc.*, 887 S.W.2d 506, 507-08 (Tex. App. – San Antonio 1994, writ denied), and *Balfour Beatty Constr. v. Liberty Mut. Fire Ins. Co.*, 968 F.3d 504, 509-10 (5th Cir. 2020).

### 2.    Standard For Considering A Motion For Summary Judgment Under Rule 56

16.    "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify

---

[2] The summary judgment standard "remains unchanged" despite 2010 amendments to Fed. R. Civ. P. 56 that replaced "issue" with "dispute." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.). Although the standard remains the same, the Court utilizes the amended terminology even when relying on caselaw that predates the amendments.

which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 "only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). When seeking summary judgment on an affirmative defense, the party must establish each essential element of the defense. *Access Mediquip LLC v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011), *adhered to on reh'g en banc*, 698 F.3d 229 (5th Cir. 2012).

17.    Courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Once the movant has carried its summary judgment burden, the burden shifts to the non-movant to establish a genuine dispute of material fact. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott*, 550 U.S. at 380. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." See, *Heinsohn*, *supra*. Additionally,

9

the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

### 3.    Standard For Determining An Insurer's Duty To Defend

18.    Whether Hudson has a duty to defend generally depends on the allegations in the Underlying Lawsuit and the terms of the Policy, the "eight corners" rule. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines*, 939 S.W.2d 139, 141 (Tex. 1997). The insured has the burden of showing that a claim is potentially within the coverage to obtain a defense. *State Farm Lloyds v. Richards*, 966 F.3d 389, 393 (5th Cir. 2020). An exception to the eight corners rule exists where the pleadings fail to allege relevant facts about the existence of coverage. See, *Monroe Guaranty Ins. Co. v. Bitco General Ins. Corp.*, 640 S.W.3d 195 (Tex. 2022). "We hold this practice as permissible under Texas law provided the extrinsic evidence (1) goes solely to the issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved." *Id.* at p. 197. Examples of allowed extrinsic evidence include the ownership of an auto, and the identity of a driver. *Id.*, p. 199, fn. 3, p. 200, fn. 4 & 6, & p. 202, fn. 11. An insurance company's duty to defend is a matter of law for the court to decide. *Siplast, Inc. v. Employers Mut. Cas. Co.*, 23 F.4th 486, 492 (5th Cir. 2022).

19.    Federal courts in the Fifth Circuit have repeatedly accepted proof by extrinsic evidence of an employee or independent contractor relationship for purposes of employee/contractor exclusions where the petition is silent as to the relationship with the named insured. In *Scottsdale Indemn. Co. v. Rural Trash Service, Inc.*, 142 F.Supp.3d

10

530, 534 (S.D. Tex. 2015), the petition alleged that the defendant was "working" for the defendant. The Court allowed extrinsic evidence concerning the relationship between the parties to clarify the term "working". The employee exclusion there applied to both employees and independent contractors. *Id.* at 535. The Hudson Policy exclusion extends to contractors and employees as well.

20.     The Federal Northern District Court applied the *Northfield* exception, later expanded by *Monroe*, in an employee case to allow extrinsic evidence to decide whether the plaintiff passenger was an employee as defined by the policy where the petition was silent as to the relevant facts. See, *Canal Ins. Co. v. Greenland Trucking, LLC*, 2021 WL 462051 (N.D. Tex. Feb. 9, 2021). The plaintiff passenger alleged that the driver was "in the course and scope of his employment while under dispatch from" the named insured, but did not plead why the passenger was in the cab. *Id.* at p. 2. The same issue exists here as the allegations of the Petition only allege that Galatas was working at the job site and the Defendants were owners, operators, or managers of the site. See, Ex. 1.

21.     The *Canal* policy excluded claims of an "employee" which was defined to include an independent contractor of the named insured. That exclusion is similar to the Hudson Injury to Employees, Contractors, Volunteers and Other Workers Exclusion Endorsement as it includes bodily injury claims of employees, workers, and independent contractors of any insured. See, Ex. 4.

22.     The *Canal* court assumed Texas would recognize the rule "allowing extrinsic evidence in appropriate duty to defend cases". *Id.* at p. 3, citing *Star-Tex Resources, LLC v. Granite State Ins. Co.*, 553 Fed. Appx. 366, 371-72 (5th Cir. 2014).

11

That has now happened in *Monroe*. See, *Monroe, supra*, 640 S.W.3d at 197. The first element of the *Northfield* test was met: "the pleadings do not contain the facts **necessary to resolve the question** [of whether the claim is covered]…" because plaintiff failed to allege his relationship to the defendants. *Id.* at p. 3. "These allegations do not clearly answer one way or another whether (the plaintiff) was an employee (as defined) of (the named insured)…." *Id.* The petition "triggers a potential exclusion but omits a fundamental fact…." *Id.*

23.    The next step of *Northfield*, now also part of the *Monroe* analysis, was "whether the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap for the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Id.*, citing *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004), and, see also, *Monroe, supra*, 640 S.W.3d at 197. Whether the plaintiff was an "employee" was a "controlling question of policy coverage". *Id.* The petition was "silent as to his (the plaintiff's) own employment status with (the named insured)." *Id.* at p. 3. The declaration was sought by the insurer because it would "not test the truth or falsity of underlying allegations because no such allegations exist." *Id.*

24.    "Extrinsic evidence is more likely to be considered when an explicit policy coverage exclusion clause is at issue." *Id.* at p. 4. The Court also found the "duty to indemnify question is justiciable" as well. *Id.* "The same reasons that negate a duty to defend likewise negate any possibility that the insurer will ever have a duty to indemnify." *Id.* "The employee based exclusions apply to both duties." *Id.* All of the extrinsic evidence elements applied in *Greenland* were approved in *Monroe*.

12

25.    The Fifth Circuit, in an unpublished case, found that a worker who was allegedly just helping the insured, and not paid, was still within an employee exclusion considering extrinsic evidence. See, *Atlantic Cas. Ins. Co. v. Gonzalez*, 402 Fed. Appx. 953 (5th Cir. 2010). The employee exclusion included "any person or persons hired, loaned, leased, contracted or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor". *Id.* at p. 955. The Court's analysis applies equally to the Hudson Injury To Employees, Contractors, Volunteers and Workers – Exclusion, and its exclusion of employees, volunteers, workers and contractors claims. The Court found that it could consider extrinsic evidence because the pleadings did not provide sufficient facts to evaluate whether coverage exists. *Id.* at pp. 953-956. "We agree with the district court that Gonzalez fell within the broad definition of 'employee', which included if he is volunteering for the purpose of providing services to…any insured". *Id.* at p. 956. As a matter of law, the claims of the plaintiff was excluded even if he was merely volunteering to move the ladder. The conduct assisted the performance of the insured's work. "[T]he policy does not require…a direct, formal relationship with (the insured) for his actions to qualify as a service to or on behalf of the named insured". *Id.* "Because Atlantic's policy provides no possibility of coverage to (the insured)…for (Plaintiff's)…injury, Atlantic has no duty to defend or indemnify" the insured. *Id.*

**4.    The Standard For Determining An Insurer's Duty To Indemnify**

26.    An insurer's duty to defend and the insurer's duty to indemnify are distinct and separate duties. *Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82

13

(Tex. 1997). A court may adjudicate the duty to indemnify before the insured's liability is determined in the underlying litigation "when the insurer has no duty to defend *and the same reasons that negate the duty to defend negate any possibility the insurer will ever have a duty to indemnify*." *Id.*, p. 84, and, *supra*, *Atlantic*, 402 Fed. Appx. 953, 956. "The employee based exclusions apply to both duties." See, *Canal*, 2021 WSL 462051 at p. 4. The request for the declaration by Hudson against Galatas is ripe, he is a proper party, and indemnity presents a real and substantial controversy even if the Underlying Lawsuit remains pending. See, *Crum & Forster Specialty Ins. Co. v. Smallwood*, 2024 WL 3049850 (N.D. Tex. June 18, 2024).

### D.    This Court Should Grant Hudson's Request For Declaratory Judgment, And Find No Coverage For Galatas' Claims Against Filipp

27.    Filipp asked Hudson to defend and indemnify it for the claims asserted by Galatas in the Underlying Lawsuit. Hudson provided a defense subject to a reservation of rights because of the failure of the Plaintiff to allege facts related to coverage, and extrinsic evidence supported no coverage for Filipp for the claims by Galatas. See, Exh. "2". Hudson filed this suit for declaratory judgment when the extrinsic evidence was confirmed under oath in the Underlying Lawsuit. The evidence submitted in support of this Motion confirms that there is no coverage for the claims asserted by Galatas against Filipp, and that Hudson has no duty to defend, or any duty to indemnify, Filipp against the claims of Galatas. Hudson seeks a declaration that has no duties and obligations to Filipp under the Policy for the Underlying Lawsuit.

14

E.     **The Employee/Contractor Exclusion**
       **Applies to Galatas' Claims Against Filipp**

28.     The standard CGL form Employer's Liability Exclusion 2.e. is deleted in
its entirety, and replaced with the Injured Employees, Contractors, Volunteers and
Workers – Exclusion Endorsement ("IECVW – Exclusion").  It excludes bodily injury
claims for multiple categories of persons used by "any insured" to perform work,
including employees, short or long term workers, volunteers, subcontractors, and
contractors.  If any insured hired an entity, as opposed to a person, any bodily injury to
any of the entity's workers is also excluded from coverage for any insured.  Coverage for
any insured for bodily injury to those persons is excluded if arising out of the
employment or "duties related to the conduct of any insured's business".  Mr. Galatas
falls within at least one of the listed relationships with the named insured as a matter of
law.

29.     The Texas courts have long recognized an employee exclusion is not
ambiguous and will be enforced as written.  See, *Westchester Fire v. American General*,
790 S.W.2d 816, 818 (Tex.App. – Austin 1990, no pet.).  Where the exclusion is for "any
insured", a Texas Court of Appeals recognized all insureds lose coverage, even with a
separation of insureds clause, so long as one insured is within the exclusion.  See,
*Bituminous Cas. Corp. v. Maxey*, 110 S.W.3d 203, 209 (Tex.App. – Houston 2003), and
*Travelers v. Citgo*, 166 F.3d 716, 770 (5th Cir. 1999).  The Fifth Circuit also recognized
that where a policy excludes bodily injury claims of both employees and contractors,

15

those exclusions are unambiguous so there is no coverage for the insured as discussed below.

30.    The Stipulations are that Mr. Galatas was either an employee or an independent contractor of the named insured. The facts confirm his employee status, but his claim is still excluded if he is a contractor. *Mid-Continent Cas. Co. v. Andregg Contracting, Inc.*, 391 S.W.3d 573, 575 (Tex.App. – Dallas 2012), analyzed the factors that determined whether an individual is an employee or an independent contractor, and Filipp's relationship with Galatas shows he meets at least one of those categories.

31.    On January 23, 2023, Joshua Galatas was working as an employee or independent contractor of Filipp Oilfield Services, LLC in the course and scope of his employment when he sustained bodily injury at an accident at the Tank Battery located in Harris County, Texas. See, Ex. "1" and Ex. "3". Joshua Galatas was initially hired in 2013 by Filipp Oilfield Services, LLC as an independent contractor to learn how to be a pumper gauger. See, Ex. "3". Joshua Galatas has worked solely for Filipp Oilfield Services, LLC since 2020, and was an employee since no later than 2021. *Id.* Filipp Oilfield Services, LLC issued W-2 wage and tax statements to Joshua Galatas from 2020 through 2022. *Id.* On January 10, 2023, Bonnie Filipp, Administrator for Filipp Oilfield Services, LLC, completed a "Verification of Employment" form verifying that Joshua Galatas was and had been an employee of Filipp Oilfield Services, LLC since January 2020. *Id.* Joshua Galatas was paid $25.50 per hour by Filipp Oilfield Services, LLC for the work he performed for the company during the month of January, 2023. *Id.*

32.    Joshua Galatas' work schedule for Filipp Oilfield Services, LLC in 2023 prior to his accident was Monday through Sunday one week, then Monday through Friday the following week on a rotating basis each month. *Id.* Galatas generally worked from 7:00 a.m. to 12:00 p.m. each of those days, but the period of time varied depending on the job. *Id.* Galatas was working for Filipp Oilfield Services, LLC on the day of the accident. *Id.* Joshua Galatas was assigned by Filipp to be the pumper/gauger for eleven well sites and would drive to each location after starting work to gauge fluid levels and other operations. *Id.*

33.    Filipp Oilfield Services, LLC instructed Joshua Galatas to perform work as a pumper gauger at the tank battery where the accident occurred on January 23, 2023. *Id.* Joshua Galatas submitted a Morning Report to Filipp Oilfield Services, LLC after he finished his gauging that morning. *Id.* Joshua Galatas spoke with Alan Filipp, Jr., the sole manager of Filipp, by phone to discuss the work, and they exchanged text messages about the work to be performed for Filipp at the site. *Id.* Joshua Galatas received no instructions from anyone other than Alan Filipp, Jr. about what work he was to perform. *Id.* If Joshua Galatas had any questions concerning the work that he was to perform, he would contact Alan Filipp, Jr. to request instructions. *Id.*

34.    Galatas' claims against Filipp are barred from any coverage. It is uncontested he was retained by Filipp and assisting in the performance of work for Filipp. He could be an employee, independent contractor, or even a volunteer assisting in the performance of work for Filipp, and his claim against Filipp is still excluded. In *Atlantic Cas. Ins. Co. v. Gonzales*, the employee exclusion included "any person or

17

persons hired, loaned, leased, contracted or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor". See, *Atlantic Cas. Ins. Co. v. Gonzales*, 402 Fed. Appx. 953 (5th Cir. 2010). The Fifth Circuit's analysis applies equally to the Hudson Injury To Employees, Contractors, Volunteers and Workers – Exclusion, and its inclusion of employees, volunteers, workers and contractors. Extrinsic evidence could be considered because the pleadings did not provide sufficient facts to evaluate whether coverage exists. *Id.* at p. 3. "We agree with the district court that Gonzalez fell within the broad definition of 'employee', which included if he is volunteering for the purpose of providing services to…any insured". *Id.* As a matter of law, the claims of the plaintiff was excluded even if he was merely volunteering to move the ladder. The conduct assisted the performance of the insured's work. "[T]he policy does not require…a direct, formal relationship with (the insured) for his actions to qualify as a service to or on behalf of the named insured". *Id.*

35. The Fourth Circuit, in an unpublished opinion, upheld the district court enforcement of a worker exclusion identical to the Hudson exclusion. See, *Nautilus Ins. Co. v. Bayes*, 2024 WL 3083422 (4th Cir. June 21, 2024) (unpublished *per curiam* opinion) affirming the Middle District Court of North Carolina Order No. 1:22-CV-64 (M.D. NC March 15, 2023). That exclusion was as follows:

Bodily injury to:

    (1)  Employees, leased workers, temporary workers,
          volunteer workers, statutory employees, casual
          workers, seasonal workers, contractors,
          subcontractors, or independent contractors of any
          insured; or
    (2)  Any insured's contractors', subcontractors', or
          independent contractors' employees, leased workers,
          temporary workers, volunteer workers, statutory
          employees, casual workers, seasonal workers,
          contractors, subcontractors, or independent
          contractors

arising out of and in the course of:
    (a) Employment by any insured; or
    (b) Directly or indirectly performing duties related to
       the conduct of any insured's business[.]

*Id.*, in Order at p. 3. The portion of the language is identical to the Hudson exclusion except for quote marks. The plaintiff was hurt at the job site while present to have his truck loaded when he was hit by a falling log. The insurer provided a defense subject to a reservation of rights. Applying North Carolina law for policy construction, an exclusion will be enforced where it is not ambiguous which is identical to Texas. The Fourth Circuit and the trial court found the exclusion was "unambiguous and applies to bar coverage…." *Id.*, Fourth Circuit Opinion at p. 3. The "injuries arose out of and in the course of directly or indirectly performing duties related to (the insured's)…logging business". *Id.* at p. 5. "It is not necessary to determine whether Mr. Bayes was an independent contractor or an employee because the language is broad and excludes coverage for independent contractors, employees and other types of workers". *Id.*, p. 5, fn. 2.

19

36.     As discussed in the prior sections, conclusive extrinsic evidence is allowed by Texas law, and considered by federal district courts and the Fifth Circuit to establish the relationship between the insured and the claimant.  This Court does not have to decide the issue of which category as the conclusive evidence establishes that Galatas falls into at least one of those categories of persons whose bodily injury claims are excluded.

**V.**
**CONCLUSION**

37.     Based on the foregoing, a summary declaratory judgment should be entered that Hudson owes no duty to defend Filipp Oilfield Services, LLC for any of the claims alleged against it in the Underlying Lawsuit.  For the same reasons there is no obligation to defend, there is no duty to indemnify Filipp for any settlement or judgment in favor of Galatas arising out of bodily injury to Galatas.

Respectfully submitted,

By_____/s/ Ken E. Kendrick_____
       **KEN E. KENDRICK**
       State Bar No. 11278500
       kkendrick@ksklawyers.com

       **ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**
**SUTTER & KENDRICK, P.C.**
5858 Westheimer Rd., Suite 688
Houston, Texas  77057
(713) 595-6000 – Telephone
(713) 595-6001 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2024, a true and correct copy of the foregoing was served by ECF notice to all registered ECF users who have appeared for any party in this action, in accordance with FRCP 4, including:

Blair Dancy
Cain & Skarnulis PLLC
303 Colorado St., Suite 2850
Austin, Texas  78701
Email: bdancy@cstrial.com

/s/ Ken E. Kendrick
**KEN E. KENDRICK**