IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HUDSON EXCESS INSURANCE COMPANY, | § § § | |
| Plaintiff | § § | |
| v. | § § | C.A. No. 3:23-cv-00379 |
| FILIPP OILFIELD SERVICES, LLC, AND JOSHUA GALATAS, | § § § | |
| Defendants | § § | |

**DEFENDANT JOSHUA GALATAS' RESPONSE TO
PLAINTIFF HUDSON EXCESS INSURANCE COMPANY'S
RULE 56 MOTION FOR SUMMARY JUDGMENT AND
TRADITIONAL MOTION FOR PARTIAL SUMMARY JUDGMENT**

Blair Dancy
State Bar No: 24001235
Southern District ID No. 619381
bdancy@cstrial.com
Ashley N. Morgan
State Bar No. 24091339
Southern District ID 3884049
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEYS FOR DEFENDANT
JOSHUA GALATAS**

# TABLE OF CONTENTS

PAGE

Table of Contents ................................................................................2

Table of Authorities ............................................................................3

I.     Nature and Stage of the Proceeding.............................................5

II.    Short Summary of the Argument ..................................................6

III.   Argument and Authority ...............................................................7

       A.   Summary judgment standard ...............................................7

       B.   Legal standard for determining whether an insurer has a
            duty to defend....................................................................8

       C.   Legal standard for determining whether an insurer has a
            duty to indemnify ...............................................................9

       D.   The *Monroe* exception to the eight-corners rule..............10

       E.   Applying the eight-corners rule, Hudson has a duty to
            defend as a matter of law.  The *Monroe* exception does
            not apply...........................................................................12

            1.   Galatas' petition falls within coverage.........................13

            2.   The *Monroe* exception does not apply because the
                 extrinsic evidence does not go solely to an issue of
                 coverage and it overlaps with the merits of liability....................15

       F.   The duty to indemnify if premature and not justiciable ..................21

IV.    Conclusion ...................................................................................22

V.     Summary Judgment Evidence .....................................................22

VI.    Prayer..........................................................................................22

# TABLE OF AUTHORITIES

PAGE

## CASES

*Admiral Ins. Co. v. Petron Energy, Inc.*,
No. 3:11-cv-02524-M, 2013 WL 5910880 (N.D. Tex. 2013).....................9, 22

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, (1986) ...................................................................................7

Austin v. Kroger Tex., L.P.,
465 S.W.3d 193 (Tex. 2015)....................................................................17, 20

*Canal Ins. Co. v. Flores*,
No. 3:06-CV-84-KC, 2009 WL 1033770 (W. D. Tex. 2009) ...................9, 20

*Canal Ins. Co. v. XMEX Transport, LLC*,
48 F.Supp.3d 958 (W.D. Tex. 2014)...........................................................15

*Clayton W. Williams, Jr., Inc. v. Olivo*,
952 S.W.2d 523 (Tex. 1997).......................................................................17

*Colony Ins. Co. v. Peachtree Const., Ltd.*,
647 F.3d 248 (5th Cir. 2011).................................................................. *passim*

*Corbin v. Safeway Stores, Inc.*,
648 S.W.2d 292 (Tex. 1983).................................................................19, 20

*Discovery Property & Casualty Ins. Co. v.*
*Blue Bell Creameries USA, Inc.*, 73 F.4th 322 (5th Cir. 2023)................7

*D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*,
300 S.W.3d 740 (Tex. 2009)...................................................................8, 10

*Farmers Texas County Mut. Ins. Co. v. Griffin*,
955 S.W.2d 81 (Tex. 1997).......................................................................21

*Gonzalez v. Ramirez*,
463 S.W.3d 499 (Tex. 2015)....................................................................17

*Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*,
538 F.3d 365 (5th Cir. 2008) ...................................................................9, 14

*GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,*
    197 S.W.3d 305 (Tex. 2006) ..................................................................... 8

*Harken Exploration Co. v. Sphere Drake Ins. PLC,*
    261 F.3d 466 (5th Cir. 2001) ..................................................................... 7

*Monroe Guaranty Ins. Co. v. BITCO Gen. Ins. Corp.,*
    640 S.W.3d 195 (Tex. 2022) .......................................................... *passim*

*Nabors Drilling U.S.A., Inc. v. Escoto,*
    288 S.W.3d 401 (Tex. 2009) ................................................................... 16

*Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.,*
    939 S.W.2d 139 (Tex. 1997) ..................................................................... 8

*Northfield Ins. Co. v. Loving Home Care, Inc.,*
    363 F.3d 523 (5th Cir. 2004) ................................................................... 21

*Occidental Chem. Corp. v. Jenkins,*
    478 S.W.3d 640 (Tex. 2016) ................................................................... 19

*Pharr-San Juan-Alamo Indep. Sch. Dist. v. Tex. Political*
    *Subdivisions Prop./Cas. Joint Self Ins. Fund,*
    642 S.W.2d 466 (Tex. 2022) ............................................................. 11, 15

*PPI Tech. Servs., L.P. v. Liberty Mut. Ins. Co.,*
    515 Fed. Appx. 310 (5th Cir. 2013) ....................................................... 15

*Trinity Univ. Ins. Co. v. Cowan,*
    945 S.W.2d 819 (Tex. 1997) ..................................................................... 8

*United Scaffolding, Inc. v. Levine,*
    537 S.W.3d 463 (Tex. 2017) ............................................................. 19, 20

*VRV Dev. L.P. v. Mid-Continent Cas. Co.,*
    630 F.3d 451 (5th Cir. 2011) ..................................................................... 9

*Zurich Am. Ins. Co. v. Nokia, Inc.,*
    268 S.W.3d 487 (Tex. 2008) ............................................................ 8, 9, 21

## STATUTES

TEX. LABOR CODE § 411.103 ...................................................................... 18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HUDSON EXCESS INSURANCE COMPANY, | § § § | |
| Plaintiff | § § | |
| v. | § § | C.A. No. 3:23-cv-00379 |
| FILIPP OILFIELD SERVICES, LLC, AND JOSHUA GALATAS, | § § § | |
| Defendants | § § | |

**DEFENDANT JOSHUA GALATAS' RESPONSE TO
PLAINTIFF HUDSON EXCESS INSURANCE COMPANY'S
RULE 56 MOTION FOR SUMMARY JUDGMENT AND
TRADITIONAL MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Joshua Galatas ("Galatas") files this his Response to Plaintiff Hudson Excess Insurance Company's Rule 56 Motion for Summary Judgment and Traditional Motion for Partial Summary Judgment and would respectfully show as follows:

**I.  NATURE AND STAGE OF THE PROCEEDINGS**

1.      Galatas concurs with Hudson's brief statement of the nature and stage of the proceedings, except that Galatas' position is that the Court does not need more, and should not consider more, than the eight corners of the policy and Original Petition in the underlying suit to determine Hudson's duty to defend. Furthermore, any decision on the duty to indemnify is premature, as there is no

underlying judgment or settlement.  Hudson's motion should be denied in its entirety.

## II.    SHORT SUMMARY OF THE ARGUMENT

2.    This is a suit for declaratory judgment relating to an insurance coverage dispute. The parties to the contract of insurance at issue are Plaintiff Hudson Excess Insurance Company ("Hudson") and Defendant Filipp Oilfield Services, LLC ("Filipp"). Defendant Joshua Galatas sued Filipp in Cause No. 2023-08751; *Joshua Galatas v. Marquee Corporation, Morgan Enterprises, Inc., Highline Exploration, L.L.C., and Filipp Oilfield Services, LLC*; In the 295th Judicial District Court of Harris County (the "Underlying Suit"). Galatas seeks recovery for personal injuries he sustained in an explosion whereby multiple areas of his body, including his face and buttocks, were severely burned. Galatas has asserted negligence, negligence per se, and gross negligence claims against Filipp.

1.    Hudson seeks to avoid its duty to defend and indemnify Filipp in the Underlying Suit based on extrinsic evidence developed during discovery but not alleged in Galatas' Original Petition.

2.    Hudson's Motion for Summary Judgment should be denied in its entirety.  Contrary to the assertions by Hudson, the *Monroe* exception to the "eight corners" rule does not apply. Hudson's extrinsic evidence does not go solely to an issue of coverage but overlaps with the merits of liability. Specifically, some claims of negligence turn on whether or not Galatas was either an employee or independent contractor, and if Hudson proves up Galatas' status as either an

employee or contractor, such evidence would also address the merits of those claims. Furthermore, some claims do not turn on those facts, meaning that if Galatas proves a claim against Filipp that does not require Galatas to be an employee or independent contractor, Galatas' claims could be covered despite Hudson's arguments.

3.     Further, the duty to indemnify is premature. The Court cannot determine whether Hudson Excess Insurance Company has a duty to indemnify Filipp because no adjudication has been made as to liability and there has been no settlement. Hudson Excess Insurance Company has not negated—and cannot at this stage or in these proceedings—any possibility that it would ever have to indemnify Filipp.

### III.   ARGUMENT AND AUTHORITY

### A.   *Summary judgment standard*

4.     Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Discovery Property & Casualty Ins. Co. v. Blue Bell Creameries USA, Inc.*, 73 F.4th 322, 327 (5th Cir. 2023).

5.     A genuine issue of material fact is present if a jury could potentially find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001).

**B.    Legal standard for determining whether an insurer has a duty to defend**

6.    Under Texas law, an insurer's duty to defend its insured is a distinct and separate duty from the duty to indemnify its insured. *Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 252-253 (5th Cir. 2011). The duty to defend requires the insurer "to defend its insured in any lawsuit that 'alleges and seeks damages for an event potentially covered by the policy,' while the duty to indemnify means the insurer will 'pay all covered claims and judgments against an insured.'" *Id.* (*citing D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009)).

7.    Texas follows the "eight corners" rule in determining whether an insurer has a duty to defend. *Trinity Univ. Ins. Co. v. Cowan*, 945 S.W.2d 819 (Tex. 1997). Applying the "eight corners" rule, the court evaluates only the four corners of the complaint in comparison with the four corners of the insurance policy to determine whether the allegations in the complaint potentially fall within coverage. *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). Typically, resorting to evidence outside of the eight corners of the documents is prohibited. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006).

8.    If the facts alleged in the complaint are *potentially* covered, then the insurer has a duty to defend. *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). "If a complaint potentially includes a

covered claim, the insurer must defend the entire suit." *Zurich Am. Ins. Co.*, 268 S.W.3d at 491.

9.    The insurer has the burden to prove an exclusion applies. *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 370 (5th Cir. 2008). Any doubts about an exclusion are resolved in favor of the insured. *Id.* at 368-369.

## C.   *Legal standard for determining whether an insurer has a duty to indemnify*

10.    The distinction between the duty to defend and the duty to indemnify is one of timing. *Colony Ins. Co. v. Peachtree Constr., Ltd*, 647 F.3d 248, 253 (5th Cir 2011). Unlike the duty to defend, an insurer's duty to indemnify generally cannot be determined until the litigation is complete and liability has been established because facts proven at trial may differ from the allegations in the pleadings. *Id. See also VRV Dev. L.P. v. Mid-Continent Cas. Co.,* 630 F.3d 451, 459 (5th Cir. 2011).

11.    Generally, the duty to indemnify is determined based on the facts actually established in the underlying suit. *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008). As a result, subject to limited exception, the determination of the duty to indemnify prior to resolution of the underlying lawsuit is generally premature. *Colony Ins. Co.,* 647 F.3d 248; *Admiral Ins. Co. v. Petron Energy, Inc.*, No. 3:11-cv-02524-M, 2013 WL 5910880 (N.D. Tex. 2013); *Canal Ins. Co. v. Flores*, No. 3:06-CV-84-KC, 2009 WL 1033770 (W. D. Tex. 2009). No such exception applies here.

12.    The Texas Supreme Court clarified in *D.R. Horton* that "an insurer may have a duty to indemnify even though the duty to defend never arises." *Colony Ins. Co.*, 647 F.3d at 253 (*citing D.R. Horton-Texas,* 300 S.W.3d at 741, 744) ("a duty to indemnify could be shown notwithstanding the absence of a duty to defend"). In *D.R. Horton*, the Texas Supreme Court held the court of appeals erred in affirming the trial court's grant of the insurer's motion for summary judgment on the duty to indemnify. 300 S.W.3d at 744. The Texas Supreme Court reasoned that even if the insurer had no duty to defend as a matter of law based on application of the eight-corners rule, it may still have a duty to indemnify, and the determination of that duty hinged on the facts established and the terms and conditions of the policy. *Id.*

## D.    *The* Monroe *exception to the eight-corners rule*

13.    The Texas Supreme Court modified the eight-corners rule to allow extrinsic evidence in limited circumstances. *See Monroe Guaranty Ins. Co. v. BITCO Gen. Ins. Corp.*, 640 S.W.3d 195, 204 (Tex. 2022). The rule provides that:

> if the underlying petition states a claim that could trigger the duty to defend, and the application of the eight-corners rule, due to a gap in the plaintiff's pleading, is not determinative of coverage, Texas law permits consideration of extrinsic evidence provided the evidence (1) **goes solely to an issue of coverage and does not overlap with the merits of liability**, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved.

*Id.* (emphasis added). *Monroe* involved the drilling of an irrigation well that went awry. The allegations were that the drilling caused damage to the land through various negligent acts, but the allegations were silent as to when that damage

occurred. Monroe refused to defend, claiming that the damage predated its policy. The parties stipulated as to when a drill bit got stuck in the well, with Monroe claiming no coverage based on pre-policy period property damage. But the Court rejected this extrinsic evidence as overlapping with the merits of liability:

> The stipulation here proves that the drill bit got stuck in or around November 2014. Monroe argues this relieves it of a duty to defend because it demonstrates property damage occurred at that time, which was months before its policy took effect. Yet in the underlying case, the insured likely would have sought to prove the sticking of the drill bit was *not* the cause of any damage. And to obtain coverage in the face of Monroe's refusal, the insured would necessarily argue that some of plaintiff's alleged damages (e.g., the sloughing of material into the well) occurred *after* November 2014. This would undermine its liability defense, which is best served by asserting there was no damage either in November or anytime thereafter.

*Id.* at 204 (emphasis in original).

14.     Further illustrative of how the *Monroe* exception rule does not apply here, the Texas Supreme Court issued a second opinion the same day as *Monroe*, based on this same new rule. *See Pharr-San Juan-Alamo Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self Ins. Fund*, 642 S.W.2d 466 (Tex. 2022). In *Pharr*, the underlying suit alleged that a student had been thrown from a "golf cart" operated by an employee of the school district, resulting in bodily injury. *See id.* 468. The coverage question hinged on whether the "golf cart" was a "covered auto" under an auto liability policy. *See id.* at 468–69. The policy defined "auto" to mean "a land motor vehicle ... *designed for travel on public roads* but does not include mobile equipment." *Id.* at 468 (emphasis by the Court). Without referring to extrinsic evidence, the Court "conclude[d] the term 'golf cart' does not

refer to vehicles designed for travel on public roads." *Id*. at 474–77 (referring to dictionary and statutory definitions).

15.    The *Pharr* Court then addressed the *Monroe* exception, first noting that whether a golf cart was a covered auto did not affect the merits:

> We agree with the court of appeals that this fact relates solely to the coverage issue and does not overlap with the merits of Flores's claims: the School District was liable if DeLaGarza negligently operated the "golf cart" regardless of whether the "golf cart" was designed for travel on public roads.

*Id*. at 477. However, extrinsic evidence did not satisfy the other *Monroe* factors. The allegation of a "golf cart" left no gap preventing the Court from determining the duty to defend. In contrast:

> If Flores had alleged only that Alexis was thrown from a "vehicle," without any indication of the type of vehicle or whether it was designed for travel on public roads, a gap would exist that prevents us from determining the duty to defend based solely on the petition's allegations and the policy's provisions, and extrinsic evidence proving that the vehicle was or was not designed for use on public roads would not contradict the general allegation that the accident involved a "vehicle." But by pleading that the vehicle was a "golf cart," the petition provided all the information necessary to determine the duty to defend.

*Id*. at 478.

### E.    *Applying the eight-corners rule, Hudson has a duty to defend as a matter of law. The Monroe exception does not apply.*

16.    As a matter of law, Hudson has a duty to defend Filipp in the Underlying Suit. Summary judgment in favor of Galatas is appropriate because the allegations in Galatas' Original Petition fall within coverage when the four corners of the petition are compared with the four corners of the policy. The Monroe exception to the eight-corners rule does not apply. The extrinsic evidence Hudson

Excess Insurance Company relies on in support of its summary judgment motion overlaps with the merits of liability and does not go solely to an issue of coverage. Moreover, Hudson has a duty to defend the entire suit even if the exclusion were to apply as to part of the claims because a portion of the claims by Galatas do not hinge on his status as an employee or independent contractor.

### 1.   Galatas' petition falls within coverage.

17.     The facts alleged in Galatas' Original Petition [Dkt. 25-1] are sufficient to trigger Hudson's duty to defend Filipp.

18.     In the underlying lawsuit, Galatas avers that on January 23, 2023, he was severely injured while working at a job site owned, operated, and/or managed by Defendants Marquee Corporation, Morgan Enterprises, Inc., Highline Exploration, L.L.C., and Filipp Oilfield Services, LLC ("defendants") [Dkt. 25-1 ¶9].

19.     Galatas' claims relate to bodily injuries he suffered during the policy period. The policy period is May 1, 2022 to May 1, 2023 [Dkt. 25-4, p.5/79].

20.     Hudson Excess Insurance company's policy includes a duty to defend. In "Section I – Coverages," the policy provides that Hudson Excess Insurance Company "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." [Dkt. 25-4, p. 15/79]. The policy further states Hudson Excess Insurance Company "will have the right and duty to defend the insured against any 'suit' seeking those damages." *Id.*

21.    Applying the eight-corners rule, Hudson owes Filipp a duty to defend because the bodily injury for which he seeks recovery occurred during the policy period and falls within the policy's coverage.

22.    Hudson raises as its only coverage defense an exclusion with limited application:

This insurance does not apply to:

**e. Injury to Employees, Contractors, Volunteers and Other Workers**

"Bodily injury" to:

(1) "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

(2) Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

arising out of and in the course of:

(a) Employment by any insured; or

(b) Directly or indirectly performing duties related to the conduct of any insured' s business; ...

Policy, Injury to Employees, Contractors, Volunteers and Workers—Exclusion endorsement [Doc. 25-4, p.61/79].

23.    Hudson has the burden to prove the exclusion applies. *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d at 370. Any doubts about the exclusion are resolved in favor of coverage. *Id.* at 368-369.

24.     Hudson acknowledges that the Petition is silent with respect to the relationship between Filipp and Galatas. Motion for Summary Judgment, ¶2. Without admissible extrinsic evidence, Hudson owes Filipp a duty to defend. *See PPI Tech. Servs., L.P. v. Liberty Mut. Ins. Co.,* 515 Fed. Appx. 310, 313-14 (5th Cir. 2013); *Canal Ins. Co. v. XMEX Transport, LLC*, 48 F.Supp.3d 958, 983 (W.D. Tex. 2014) (holding employee exclusion and fellow employee exclusion did not negate duty to defend where pleadings did not unambiguously indicate the decedents were employees of any of the defendants).

### 2.     The *Monroe* exception does not apply because the extrinsic evidence does not go solely to an issue of coverage and it overlaps with the merits of liability.

25.     Only the insurance policy and Galatas' Original Petition should be considered in determining whether there is a duty to defend. The extrinsic evidence proffered by Hudson is inadmissible because it directly overlaps with the merits of liability and does not go solely to an issue of coverage. *See Monroe*, 640 S.W.3d at 204.

26.     The extrinsic evidence here is more similar to the extrinsic evidence in *Monroe* than *Pharr*. In *Pharr,* the Texas Supreme Court reasoned that the extrinsic evidence did not overlap with the merits because regardless of whether the golf cart was designed for travel on public roads, as long as the defendant in that case was negligently operating it, the defendant would be liable. *Pharr-San Juan-Alamo I.S.D.,* 642 S.W.3d at 477. In contrast, here, whoever Galatas worked for—regardless of whether he was an employee or independent contractor—

addresses the merits of the claims. The existence and scope of the legal duties owed by the defendants in the Underlying Suit is directly relevant to Galatas' employment status and the degree of control each defendant exercised over Galatas' work. The extrinsic evidence is therefore inadmissible with respect to the duty to defend.

27.    Galatas has sued the defendants in the underlying lawsuit for negligence. To prevail on his negligence claim, Galatas must establish that the defendants owed him a legal duty, the defendants breached that duty, and that the breach proximately caused Galatas' damages. *Nabors Drilling U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

28.    In his Original Petition in the underlying personal injury lawsuit, Galatas avers that the defendants, including Filipp, "were negligent, negligent per se, and grossly negligent for the following reasons:

> a. Failing to properly train their employees, contractors, subcontractors and/or agents;
> b. Failing to properly supervise their employees, contractors, subcontractors and/or agents;
> c. Failing to properly ensure the work area was free from dangerous ignition sources;
> d. Failing to properly communicate about the job to be performed;
> e. Failing to provide a reasonable safe and/or adequate work site;
> f. Failing to provide proper and/or safe equipment;
> g. Failing to have adequate and/or proper safety policies and procedures in place;
> h. Failing to adhere to safety policies and procedures;
> i. Failing to warn about unreasonably dangerous conditions at the work site;
> j. Failing to make unreasonably dangerous conditions at the worksite safe;
> k. Failing to provide proper medical aid;

> l. Vicarious liability for the conduct of its employees and/or agents;
> m. Violation of applicable local, state, and federal laws and/or regulations; and
> n. Other acts deemed negligent, negligent per se, and/or grossly negligent."

[Dkt. 25-1, ¶10.]

29.    With respect to the negligent acts or omissions identified in Paragraph 10 subparts (a) and (b) of Galatas' Original Petition, by nature of the allegations themselves, liability turns on whether Galatas was an employee, contractor, subcontractor or agent of the defendants. [Dkt. 25-1]. The allegations are not specific and therefore include Galatas as well as other potential individuals.

30.    The extrinsic evidence proffered by Hudson overlaps with the merits with respect to the allegations in Paragraph 10 subparts (c), (e), (i), and (j) of Galatas' Original Petition. [Dkt 25-1, ¶ 10]. The extent to which the defendants owed Galatas a duty to provide a safe worksite relates to the relationship between them and/or the degree of control the defendants exercised over Galatas' work. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 201-202 (Tex. 2015) (employers have a duty to provide their employees with a reasonably safe workplace); *Gonzalez v. Ramirez,* 463 S.W.3d 499, 506 (Tex. 2015) ("Generally, an owner or general contractor does not owe a duty to its independent contractor's employees to ensure that they safely perform their work."); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 528 (Tex. 1997) (if a general contractor has contractual control or exercises actual control over a subcontractor's work, then "it gives rise to a duty to

ensure that the independent contractor performs its work safely"). Galatas' status as an employee or independent contractor is fundamental to these claims.

31.     Similarly, the extrinsic evidence proffered by Hudson overlaps with the merits with respect to the allegations in Paragraph 10 subparts (a), (b), and (f). The determination as to whether or not these duties were owed to Galatas depends on whether Galatas and the defendants had an employer/employee relationship. *See Austin*, 465 S.W.3d at 215 (employers' duties to their employees include "a duty to provide necessary equipment, training, or supervision").

32.     Evidence of any employer/employee relationship between Galatas and the defendants also overlaps with the merits of Galatas' claim the defendants were negligent per se. Failure to provide a safe workplace and to have adequate and/or proper safety policies and procedures in place could constitute negligence per se for those defendants who were Galatas' employer. *See* TEX. LABOR CODE § 411.103 (Duty of Employer to Provide Safe Workplace).

33.     However, not all claims of negligence are dependent on Galatas falling within the exclusion as an employee or independent contractor. Galatas has also alleged negligence claims that sound in premises liability, which is not dependent on that relationship:

> 10. Defendants were negligent, negligent per se, and grossly negligent for the following reasons:
>
>> ...
>>
>> c. Failing to properly ensure the work area was free from dangerous ignition sources;
>>
>> ...

e. Failing to provide a reasonable safe and/or adequate work site;

...

i. Failing to warn about unreasonably dangerous conditions at the work site;

j. Failing to make unreasonably dangerous conditions at the worksite safe;...

[Dkt 25-1, ¶ 10(c), (e), (i), & (j).]

34.    Premises liability has been pleaded. The Original Petition alleges generally that "Plaintiff was working at a job site owned, operated, and/or managed by Defendants," which resulted in "a fire and/or explosion" that caused his injuries. *Id.* ¶ 9. The difference between general negligence claims and premises liability is straightforward:

> [A] person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner. When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply.

*United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). To prove premises liability, a claimant must prove the *Corbin* elements:

> (1) that the defendant had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to the plaintiff; (3) that the defendant did not exercise reasonable care to reduce or to eliminate the risk; and (4) that the defendant's failure to use such care proximately caused the plaintiff's personal injuries.

*Id.* (quoting *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)) (internal brackets omitted).

35.     Most significantly here, premises liability can apply to a general contractor who did not employ or contract with the plaintiff. *See, e.g., id.* at 473–74. In *United Scaffolding*, the plaintiff was an employee of Valero, who owned the site. *Id.* at 467. The premises liability claim analyzed was against a contractor of Valero, United Scaffolding, Inc. *Id.* One key to United Scaffolding's premises liability exposure was whether it controlled the scaffolds in question, which were on Valero's property. *Id.* ("a general contractor that assumes control of or retains the right to control the premises is charged with the same duty as an owner or occupier") (internal quotations and citations omitted). Another key was the plaintiff's status as an invitee, which no party disputed and the Texas Supreme Court accepted:

> Here, no party disputes that Levine, a Valero pipefitter using a USI-constructed scaffold at the Valero plant, is an invitee. *See Austin*, 465 S.W.3d at 202[1] ("An invitee is one who enters the property of another with the owner's knowledge and for the mutual benefit of both. Employees working at their employers' premises fit this description...." (internal quotations and citations omitted)).

*Id.*

36.     The allegations in the Original Petition leave open the possibility that Filipp controlled a portion of the premises on which Galatas was working, and that Galatas did not need to be an employee or independent contractor of Galatas in order to be entitled to bring a premises liability claim. For this reason, there are

---

[1] *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015).

potentially covered claims alleged against Filipp, and Hudson owes a duty to defend in respect to those claims.

37.    In sum, the *Monroe* exception to the eight-corners rule does not apply because the extrinsic evidence that Hudson seeks to use as summary judgment evidence significantly overlaps with the merits of claims brought by Galatas, which depend on whether he is an employee or independent contractor of Filipp. Further, there are premises liability claims that do not depend on Galatas being an employee or independent contractor of Filipp to recover, meaning such claims are covered regardless of Hudson's exclusion. Therefore, the analysis of the duty to defend should be limited to the eight-corners rule, and as a matter of law, Hudson has a duty to defend Filipp in the Underlying Suit.

**F.    *The duty to indemnify is premature and not justiciable.***

38.    "Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded unless '*the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*'" *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536 (5th Cir. 2004) (*citing Farmers Texas County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)) (emphasis in original). This is because the duty to indemnify is determined based on the facts actually established in the underlying suit. *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008). As a result, subject to limited exception, the determination of the duty to indemnify prior to resolution of the underlying lawsuit is generally premature. *Colony Ins. Co. v. Peachtree*

*Constr., Ltd*, 647 F.3d 248 (5th Cir 2011); *Admiral Ins. Co. v. Petron Energy, Inc.*, No. 3:11-cv-02524-M, 2013 WL 5910880 (N.D. Tex. 2013); *Canal Ins. Co. v. Flores*, No. 3:06-CV-84-KC, 2009 WL 1033770 (W. D. Tex. 2009).

39.    Summary judgment on the duty to indemnify is not proper here because there is no judgment or settlement of the Underlying Suit and genuine issues of material fact remain as to whether or not a duty to indemnify is owed. Hudson Excess Insurance Company has not negated any possibility that it would ever have a duty to indemnify Filipp.

### IV.    CONCLUSION

40.    Galatas requests the Court grant partial summary judgment in favor of Galatas on Hudson's continuing duty to defend Filipp and deny Hudson's Motion for Summary Judgment in its entirety.

### V.    SUMMARY JUDGMENT EVIDENCE

41.    Galatas is relying on the following two exhibits attached to Hudson's Motion for Summary Judgment only:

Dkt. 25-1    Original Petition in *Joshua Galatas v. Marquee Corporation, et al*; Cause No. 2023-08751 in the 295th Judicial District Court of Harris County

Dkt. 25-4    Policy No. WSC22000467

42.    Galatas objects to the other exhibits submitted by Hudson as impermissible extrinsic evidence under *Monroe*, as discussed above, and as irrelevant to the issue of the duty to indemnify, which is premature.

## VI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Joshua Galatas requests that the Court grant his Traditional Motion for Partial Summary Judgment. Galatas prays the Court deny Hudson Excess Insurance Company's Motion for Summary Judgment in its entirety. Galatas prays for all such further relief to which Galatas may show himself entitled, including its objection to Hudson's proffered extrinsic evidence.

Respectfully submitted,

_____/s/ Blair Dancy_____
Blair Dancy
State Bar No: 24001235
Southern District ID No. 619381
bdancy@cstrial.com
Ashley N. Morgan
State Bar No. 24091339
Southern District ID 3884049
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEYS FOR DEFENDANT
JOSHUA GALATAS**